IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

_____

Courtroom Deputy: Deborah Hansen          Date:  July 15, 2014
Court Reporter:     Gwen Daniel            Probation: Katrina Devine and
                                           Kyla Hamilton

_____

Criminal Action No. 13-cr-00159-WJM          *Counsel:*

UNITED STATES OF AMERICA,                    Diane Knox

         Plaintiff,

v.

9.      KENT HOOKS,                          Daniel Sears

         Defendant.

_____

**COURTROOM MINUTES**
_____

HEARING - SENTENCING

01:30 p.m.     Court in Session

Appearances

Defendant is present and in custody.

Oath administered to the defendant.

Sentencing Statement by Ms. Knox

Sentencing Statement by Mr. Sears

The Court addresses Defendant Hooks' Objections to Presentence Investigation Report
[955] and Supplement.

1

**ORDERED:**   The defendant's objections are OVERRULED AS MOOT.  Any objections which have not been mooted by revisions to the Final Presentence Investigation Report, the Court finds will not affect sentencing and the Court will not consider the matters in sentencing; and therefore, pursuant to Rule 32 (i)(3)(B) no ruling on the objections is necessary.

**ORDERED:**   There being no objection to the motion, the Government's Motion Regarding Acceptance of Responsibility [948] is GRANTED.

**ORDERED:**   There being no objection to the motion, the Government's Motion to Dismiss Counts Four and Five of the Indictment as to Defendant Kent Hooks [949] is GRANTED.  Counts Four and Five of the Indictment are dismissed as to Defendant Kent Hooks only.

The Court addresses the Motion for Downward Variance or, in the Alternative, to Continue Sentencing [960].

Statement by Mr. Sears

Discussion

**ORDERED:**   Defendant Kent Hooks' Motion for Downward Variance or, in the Alternative, to Continue Sentencing [960] is GRANTED.

Defendant's Allocution

The defense requests the Court recommend placement at Florence, Colorado.

Defendant plead guilty to Count One of the Indictment and admitted to the general notice of forfeiture on March 26, 2014.

**ORDERED:**   Pursuant to the Sentencing Reform Act of 1984, it is the judgment of this Court that the defendant Kent Hooks, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 66 months.

   In serving this term of incarceration the Court recommends that the Director of the Bureau of Prisons give defendant full credit for his time served in pretrial detention.

   The Court recommends that the Bureau of Prisons place the defendant at a facility appropriate to his security designation located

within the District of Colorado.

The Court recommends that the Bureau of Prisons designate an institution for the defendant with a Residential Drug Abuse (RDAP) or comparable substance abuse Program, and that the Defendant take advantage of such a program during his imprisonment.

ORDERED:   Upon release from imprisonment defendant is placed on supervised release for a term of five years.

Within 72 hours of release from the custody of the Bureau of Prisons the defendant must report in person to the probation office in the district to which defendant is released.

While on supervised release the defendant shall not commit another federal, state or local crime, and he shall not possess a firearm as defined in 18 U.S.C. § 921, and defendant shall comply with the standard conditions adopted by this Court.

The defendant shall not unlawfully possess and shall refrain from unlawfully using a controlled substance.  The defendant shall submit to one drug test within 15 days of release on supervised release and two periodic tests thereafter.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

ORDERED:   Special Conditions of Supervised Release:

1.   The defendant shall participate in and he shall successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and during the term of supervised release and he shall pay the cost of treatment as directed by the probation officer.

2.   The defendant shall not associate with or have contact with any gang members and he shall not participate in any gang activity, to include displaying gang paraphernalia.

3.   The defendant shall submit his person, property, house, residence, papers, or office, to a search conducted by the

3

**United States Probation Officer. Failure to submit to search may be grounds for revocation of supervised release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.**

**ORDERED:   Pursuant to Rule 32.2 of the Fed. Rules of Crim. P. and the defendant's admission to the Forfeiture Allegation in the Indictment, the defendant shall forfeit to the United States any and all property, real or personal, derived from proceeds from the instant offense and as stipulated to in the Plea Agreement.**

**ORDERED:   The Special Assessment fee of $100.00 is imposed, due and payable immediately.**

**ORDERED:   Defendant has no ability to pay a fine, and the fine is waived.**

Pursuant to the Plea Agreement, the defendant waived his right to appeal his conviction as well as the sentence imposed except in very limited circumstances.

To the extent the defendant retained a right to file an appeal, the Court advises him of his appeal rights.

**ORDERED:   Defendant is REMANDED to the custody of the U.S. Marshal.**

02:08 p.m.   Court in Recess, Hearing concluded, Time: 38 minutes